IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| XAVIER LISTER, | ) | |
| Movant, | ) | No. 3:15-CV-3523-K |
| vs. | ) | No. 3:12-CR-215-K (1) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

# MEMORANDUM OPINION AND ORDER

Before the Court is Xavier Lister's (Movant) motion to vacate, set-aside, or correct sentence pursuant 28 U.S.C. § 2255. The motion is **GRANTED**.

## I. BACKGROUND

Movant was charged by indictment with conspiracy to possess with felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). (Doc. 1.) Movant pleaded not guilty and waived his right to a jury. He was subject to a sentence enhancement under the Armed Career Criminal Act, 18 U.S.C. § 924(e), because he had four convictions for Texas burglary. (Doc. 31-1 at 5, ¶ 22; doc. 40-1 at 2-3.) The Court found him guilty and sentenced him to 180 months in prison. (Doc. 44 at 2.) The judgment was affirmed on appeal. (Doc. 68); *United States v. Lister*, No. 13-10535 (5th Cir. July 31, 2014).

Movant raises the following grounds in his second amended motion to vacate:

**Prior convictions under Texas Penal Code § 30.02 cannot support**

1

> **the sentencing enhancement under which he was previously sentenced.**

Movant filed a *pro se* motion to vacate and an amended motion to vacate. This case was stayed on October 26, 2017, pending the Fifth Circuit's consideration of Texas burglary under the Armed Career Criminal Act in *United States v. Herrold*, No. 14-11317. The case was reopened on March 12, 2018, on Movant's motion after *Herrold* was decided. The government filed a response based on *Herrold* on May 11, 2018, and Movant filed a reply on June 12, 2018. Counsel was appointed, and Movant filed the second amended motion to vacate through counsel that supersedes the previous motions to vacate.

## II. SCOPE OF RELIEF AVAILABLE UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). It is well-established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (*en banc*) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

## III. ARMED CAREER CRIMINAL ACT

Movant contends that his sentence should not have been enhanced under the Armed Career Criminal Act (ACCA) for his prior Texas burglary convictions.

2

> Federal law forbids certain people—such as convicted felons, persons committed to mental institutions, and drug users—to ship, possess, and receive firearms. § 922(g). In general, the law punishes violation of this ban by up to 10 years' imprisonment. § 924(a)(2). But if the violator has three or more earlier convictions for a "serious drug offense" or a "violent felony," [Section 924 of ] the Armed Career Criminal Act increases his prison term to a minimum of 15 years and a maximum of life. § 924(e)(1); *Johnson v. United States*, 559 U.S. 133, 136, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010). The Act defines "violent felony" as follows"
>
>> any crime punishable by imprisonment for a term exceeding one year ... that—
>>
>> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>>
>> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*. § 924(e)(2)(B) (emphasis added).

*Johnson v. United States*, 135 S.Ct. 2551, 2555-56 (2015). Subsection (i) is known either as the force clause, *United States v. Lerma*, 877 F.3d 628, 630 (5th Cir. 2017), or as the elements clause, *United States v. Taylor*, 873 F.3d 476, 477 n.1 (5th Cir. 2017). The four offenses listed in subsection (ii) are referred to as the "enumerated offenses," *see United States v. Davis*, 487 F.3d 282, 285 (5th Cir. 2007), or as the "enumerated offenses clause," *Taylor*, 873 F.3d at 477 n.1. The remainder of the subsection is known as the "residual clause," *Johnson,* 135 S.Ct. 2555-56.

*Johnson* held that the imposition of an increased sentenced under ACCA's residual clause violates the Constitution's guarantee of due process because the residual

3

clause is unconstitutionally vague. *Johnson*, 135 S. Ct. at 2563. This holding is retroactively available on collateral review. *Welch v. United States*, 136 S.Ct. 1257, 1268 (2016). After *Johnson*, a crime is a violent felony under ACCA only if it is one of the enumerated offenses, or if it qualifies under the force clause. *United States v. Moore*, 711 F. App'x 757, 759 (5th Cir. 2017) (per curiam).

**A.**     **Texas Burglary Statute**

Here, the Texas burglary statute under which Movant was convicted provided in part:

> A person commits an offense if, without the effective consent of the owner, the person:
>
> (1) enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony, theft, or an assault; or
>
> (2) remains concealed, with intent to commit a felony, theft, or an assault, in a building or habitation; or
>
> (3) enters a building or habitation and commits or attempts to commit a felony, theft, or an assault.

Tex. Penal Code § 30.02(a).

**B.**     **Generic Burglary**

Burglary is an offense that is listed in the enumerated offenses clause as a violent felony. The type of burglary that is listed in the enumerated offenses clause is the "usual" version of that offense, and it does not include every variation of burglary. *See*

4

*Mathis v. United States*, 136 S.Ct. 2243, 2248 (2016). The usual burglary offense that is listed in the enumerated offenses clause is called "generic burglary." *See Mathis*, 136 S.Ct. at 2248. A generic burglary under the enumerated offenses clause is the "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *See United States v. Constante*, 544 F.3d 584, 585 (5th Cir. 2008) (quoting *Taylor v. United States*, 495 U.S. 575, 598 (1990)). For a Texas burglary to be a violent felony as an enumerated offense of burglary, it must include those elements of a generic burglary. *See id*.

C.  **Herrold**

When Movant was sentenced, the Fifth Circuit had held that Texas burglary under all subsections of § 30.02(a) was a violent felony as the equivalent of generic burglary under the enumerated offenses clause. *See United States v. Weise*, 896 F.3d 720, 725 (5th Cir. 2018); *United States v. Stone*, 72 F. App'x 149, 150 (5th Cir. 2003); *United States v. Silva*, 957 F.2d 157, 162 (5th Cir. 1992). However, the Fifth Circuit reconsidered this issue en banc in *Herrold* after the Supreme Court vacated the prior judgment affirming Herrold's sentence and remanded for "renewed consideration" in light of the Supreme Court's opinion in *Mathis. United States. v. Herrold*, 838 F.3d 517 (2018)(en banc).

In *Herrold*, the Fifth Circuit stated that to decide whether a Texas conviction for

5

burglary qualifies as a conviction for a violent felony under the enumerated offense clause, it must first determine whether the three subsections of the Texas burglary statute "sets forth alternative means of committing a single substantive crime, or separate elements, effectively defining distinct offenses." *Id.* at 521. Among the ways a federal court can determine whether multiple subsections of a state statute set out alternative means of committing a single crime or separate elements and, therefore, distinct crimes, is to review state court decisions to determine whether a jury must unanimously agree on the subsection that the defendant violated. *See id.* at 522. If a jury does not need to unanimously agree on the subsection that was violated, then the subsections of the statute set out alternative means of committing a single offense. *See id*. Such a statute is called an indivisible statute. *See id*.

Applying that analysis to the Texas burglary statute, the Fifth Circuit determined that in order to convict, a jury is not required to agree on the subsection of the Texas burglary statute that a defendant violated. *See id*. at 523 (citing *Martinez v. State*, 269 S.W.3d 777, 783 (Tex. App. – Austin 2008, no pet.)). The Texas burglary statute, therefore, sets out one offense, with separate means of committing burglary, and is indivisible. *See id*. at 529-30.

When a statute is indivisible, each subsection is compared to the generic offense. If any of the subsections is broader than generic burglary, then the state offense is not a violent felony and a conviction for that offense cannot be used for enhancement

6

under the ACCA. *Id.* at 521-22, 530-31. This analytical comparison is known as the categorical approach. *See id*. at 521-22, 530-31.

In *Herrold*, the Fifth Circuit compared the burglary statute to generic burglary. To be guilty of a generic burglary, a person must have the intent to commit a crime when he makes the unauthorized entry or remains in the building without authorization. *See id*. at 531. Subsection 30.02(a)(3) is broader than generic burglary, because it makes it a crime to enter a building or habitation and thereafter commit or attempt to commit a felony, theft, or assault. *See id*. That subsection does not require that the person have the intent to commit a crime contemporaneously with the unauthorized entry or unauthorized remaining in the building. *See id*. at 531-32. Because subsection 30.02(a)(3) is broader than generic burglary, and because the Texas burglary statute is indivisible, a conviction under the Texas burglary statute is not for a violent felony and cannot be used for enhancement under the ACCA. *See id*. at 537; *see also United States v. Castro*, — F. App'x —, No. 17-50447, 2018 WL 4870859, at *1 (5th Cir. Oct. 8, 2018) (§ 2255 movant's "ACCA sentence cannot stand under the enumerated offenses clause" where the ACCA predicate convictions were for Texas burglary). The Fifth Circuit has also held that Texas burglary does not qualify as a violent felony under ACCA's force clause because it does not have as an element the use, attempted use, or threatened use of physical force. *See United States v. Islas-Saucedo*,

7

903 F.3d 512, 519 (5th Cir. 2018); *United States v. Castaneda*, 740 F.3d 169, 172 (5th Cir. 2013).

The Government argues that *Herrold* conflicts with a Sixth Circuit case, *United States v. Quarles*, 850 F.3d 836 (6th Cir. 2017). This Court is bound by *Herrold*.

**D.** **Procedural Bar**

The Government asserts that the claim is procedurally barred, because it was not raised on appeal. A failure to raise a claim on direct appeal may procedurally bar an individual from raising the claim on collateral review. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Defendants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the error. *Shaid*, 937 F.2d at 232.

Cause is not shown simply by the fact that an attempt to raise a claim may have futile. "[F]utility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (internal quotations omitted). Cause may be shown, however, if the claim "is so novel that its legal basis [was] not reasonably available to counsel." *Id*. at 622 (citing *Reed v. Ross*, 468 U.S. 1, 16 (1984)).

Prejudice requires a movant to show "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United*

8

*States v. Frady*, 456 U.S. 152, 170 (1982). The Government focuses on cause and asserts that without a showing of cause, the court need not reach prejudice. *See United States v. Scruggs*, 714 F.3d 358, 265-65 (5th Cir. 2013).

As previously discussed, prior to *Herrold* the Fifth Circuit had held that Texas burglary under all subsections of § 30.02(a) was a violent felony as the equivalent of generic burglary under the enumerated offenses clause. *See Weise*, 896 F.3d at 725; *Stone*, 72 F. App'x at 150; *Silva*, 957 F.2d at 162. The Fifth Circuit reconsidered the issue in *Herrold*.

In *Herrold*, the Fifth Circuit stated that after it upheld the movant's sentence on direct appeal, "*Mathis v. United States* provided a more fine-grained trace between statutory means and elements. In doing so, it also offered a typology of the authorities that federal courts may look to in determining whether a statute is divisible or indivisible." *Herrold*, 883 F.3d at 522. Primarily, in determining whether a state statute is divisible or indivisible, under *Mathis* a federal court can resort to state court decisions on whether a jury must agree on statutory alternatives. *See id*. The Fifth Circuit noted in *Herrold* that Texas courts had repeatedly answered that a jury is not required to unanimously agree on a statutory alternative, so the Fifth Circuit concluded en banc that the burglary statute was held to be indivisible. *See id*. at 523.

Similarly, in another case, the Fifth Circuit relied on *Mathis* and revisited the

9

issue of whether a Texas possession with intent to deliver a controlled substance was a controlled substance offense under the Armed Career Criminal Act. *See United States v. Tanksley*, 848 F.3d 347, 352 (5th Cir. 2017), *supplemented by* 854 F.3d 284 (5th Cir. 2017). The Fifth Circuit reviewed state court decisions on jury unanimity, determined that the Texas statute was indivisible, and overruled precedent and held that the Texas offense was not a basis for enhancement as a career offender. *See id*. That Fifth Circuit observed that "the issue that has divided courts [prior to *Mathis*], and with great respect to the Supreme Court, confused courts, … is how to determine if a statute is 'divisible.'" *United States v. Howell*, 838 F.3d 489, 497 (5th Cir. 2016). *Mathis* "provided needed guidance on when a statute of conviction is divisible" and how to "distinguish means from elements" by reviewing state court decisions to determine if a jury must agree on the statutory alternatives. *See id*. Rather than prior Supreme Court decisions, the Supreme Court in *Mathis* instructed courts of the method for determining whether statutory alternatives are elements or means. *See id*. In *Tanksley*, the Fifth Circuit overruled controlling precedent. *United States v. Tanksley*, 848 F.3d 347, 352 (holding that controlling precedent "cannot stand" in light of *Mathis*). "[P]rior to *Mathis*, [the state statute's] status as a divisible statute subject to a modified categorical approach was firmly established." *Id*. at 351. The Fifth Circuit stated that the reason for holding that *Mathis* abrogated precedent was the Supreme Court's instruction on how to identify whether a statute is divisible by reviewing state court decisions. *Id*.; *see United*

*States v. Elizalde-Perez*, 727 F. App'x 806, 809 n.3 (5th Cir. 2018) (*Tanksley* abrogated prior precedent "in light of the Supreme Court's guidance in *Mathis*"). The Fifth Circuit stated in *Tanksley* that "*Mathis* is 'more than merely illuminating with respect to the case before us;' it unequivocally resolves the question in favor of Tanksley." *Tanksley*, 848 F.3d at 352. If not for the instruction in *Mathis* to review state court decisions, prior precedent would have remained the law in this Circuit. *See Villa-Sanchez v. United States*, No. 3:17-CV-3457-D, 2018 WL 2299057, at *1 (N.D. Tex. May 21, 2018) (*Mathis*, and not other cases, was the Supreme Court decision that caused the Fifth Circuit to reconsider and abrogate precedent in *Tanksley*).

As in *Tanksley*, the ultimate result and holding in *Herrold* regarding Texas burglary and generic burglary was dependent on the determination that the statute was indivisible, which in turn was dependent on the guidance provided by *Mathis*. Prior to *Herrold*, defendants argued that Texas burglary was broader than generic burglary. *See e.g.*, *United States v. Joslin*, 487 F. App'x 139 (5th Cir. 2012). It does not appear that such argument was based on argument that the statute was indivisible in light of state court decisions on jury unanimity. *See id*. Based on the overruling of precedent in light of *Mathis*, which provided the analytical tool of examining state court decisions on jury unanimity, this Court concludes that a claim and argument based on the guidance of the Supreme Court in *Mathis*, and that was adopted by the Fifth Circuit in *Herrold*,

11

would have been sufficiently novel prior to *Herrold* so as to provide cause for the failure to raise it on appeal.

Because Movant was sentenced under enhancements that, as it turns out in light of *Herrold*, do not apply to him, this Court concludes that he has shown prejudice to excuse the failure to raise the claim on appeal.

E.  **Request for Stay**

The Government also asks for a stay pending the petition for writ of certiorari filed in *Herrold*. (*See* Doc. 36 at 5-6.) Even where the Supreme Court has granted certiorari in a Fifth Circuit case, the Fifth Circuit's decision is binding. *See Wicker v. McCotter*, 798 F.2d 155, 157-58 (5th Cir. 1986). The Fifth Circuit has denied the Government's motions to stay other cases controlled by *Herrold*. *See Castro*, 2018 WL 4870859, at *2; *United States v. Maldonado-Flores*, 734 F. App'x 285, 286 (5th Cir. 2018); *United States v. Valle-Jaimes*, 733 F. App'x 200, 201 (5th Cir. 2018); *United States v. Stewart*, 732 F. App'x 314, 316 (5th Cir. 2018). In *Stewart*, the Court noted that it had denied the Government's request to stay the mandate in *Herrold* pending certiorari review by the Supreme Court. *See Stewart*, 732 F. App'x at 316. The Court **DENIES** the Government's request for a stay pending Supreme Court action on the petition for writ of certiorari in *Herrold*.

In conclusion, because Texas burglary is no longer a violent felony, the enhancement of Movant's sentence under the ACCA based on his burglary convictions

does not survive. *See Herrold*, 883 F.3d at 530-31, 541.

## VI. CONCLUSION

For the foregoing reasons, the § 2255 second amended motion is **GRANTED**, the Government's request for a stay is **DENIED**, the Movant's sentence in No. 3:12-CR-215-K will be **VACATED** by separate judgment, and Movant will be resentenced. **This opinion shall also be docketed in the criminal case**.

SO ORDERED.

December 12th, 2018.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE